UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.13cr0693 AJB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE |
| ALBERT CASTRO-GONZALEZ, | ) | |
| Defendant. | ) | |

    The defendant moves for an Order dismissing the Indictment in this case with prejudice. On September 13, 2013, the Government moved to dismiss the Indictment without prejudice. At that time, Mr. Castro-Gonzalez, made a request for a dismissal with prejudice. That request was denied without prejudice to a formal written motion. The written motion has now been filed, the Government has responded, and oral argument occurred on December 20, 2013.

    The history of the case is well set out in Defendant's motion (Doc. No. 25). The motion is based on the bad faith and misconduct of case agent Chad Nelson. Agent Nelson recruited Mr. Castro-Conzalez as a confidential informant to investigate a narcotic smuggling cartel in Mexicali, Mexico, which was importing drugs into the United States. Mr. Castro-Gonzalez was provided with a Blackberry by Agent Nelson and was in regular communication with agent Nelson with regard to possible drug loads. Despite this arrangement, and contact with Mr. Castro-Gonzalez leading up the date of

the arrest on February 1, 2013, Agent Nelson acted as if this was a routine border bust when, in fact, the details of the entry as part of the confidential informant arrangement were well known to agent Nelson. In fact, Agent Nelson failed to document or report an approximate twenty minute conversation with Mr Castro-Gonzalez on the date of arrest concerning why Castro-Gonzalez had not used his Blackberry that day.  The conversation was captured however on the same DVD that contains Casto-Gonzalez' "statement" post arrest.

Agent Nelson failed to disclose that Mr. Castro-Gonzalez was working as a confidential informant at the time of the arrest, to the magistrate judge who reviewed the probable cause statement and signed the Complaint, to the U.S. Attorney's Office, and to the Grand Jury[1], in his reports and records in this case. The information was also withheld from the defense in discovery since the prosecutor was unaware of its existence. It wasn't until Mr. Castro-Gonzalez had served seven (7) months in custody on Indictment that this information came to light, through the efforts of defense counsel.

The Blackberry provided by Agent Nelson was not on Mr. Castro-Gonzalez on the date of the arrest. Once retrieved by the defense, this Blackberry revealed of much of the information implicating Agent Nelson in withholding the critical information from all concerned. The evidence that was downloaded from the Blackberry also corroborated Mr Castro-Gonzalez' assertions, and is included in the record at Document 25, Exhibit A. When the downloaded contents of the Blackberry were presented to the United States Attorney's Office, the Government moved to dismiss the case.  While no fault is found with the U.S. Attorney's Office, which indeed did the right thing upon discovery of the withholding of this critical information, the same cannot be said of the conduct of Agent Nelson which was in bad faith and clear misconduct.

---

[1] It is not known if Agent Nelson testified before the Grand Jury, but as the arresting officer who took defendant's statement, his investigation and the reports and records would be the evidentiary basis upon which the U.S. Attorney's Office would have presented the case for Indictment.

It is noted that no evidence was presented by the Government in opposition to the motion or these facts recited herein.

Under Fed. Crim. Rule 48(a), a court is empowered to exercise its' discretion in denying a motion to dismiss where it specifically determines that the prosecution is acting in bad faith. *United States v. Hayden*, 860 F. 2d 1483 (9th Cir. 1988) (*citing Rinaldi v. United States*, 434 U.S. 22 (1977). The rule was designed to prevent prosecutors from harassing defendants by indicting, dismissing, and re-indicting without triggering the protections o f the double jeopardy clause. *Id.* Here, the United States Attorney's Office, acted in good faith by dismissing the action upon discovery of the agent's misconduct. Therefore, Defendant's motion under Rule 48(a) is Denied.

However, a different result occurs when these facts are considered under the court's supervisory powers to dismiss an indictment for misconduct.

As a sanction for alleged misconduct, the standard for dismissal of an indictment is extremely high. The Supreme Court held that a district court may not exercise its supervisory powers to dismiss an indictment for prosecutorial misconduct in such a way that by-passes the harmless error rule of Fed. R. Crim. P. 52(a). *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S. Ct. 2369 (1988).

Thus, dismissal is appropriate only " 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from substantial influence of such violations." *Id*. at 256, 108 S. Ct. at 2374, quoting *United States v. Mechanik*, 475 U.S. 66, 78, 106 S. Ct. 938, 946 (1986). Further, a district court has "no authority to dismiss an indictment on the basis of prosecutorial misconduct absent a finding that petitioners were prejudiced by such misconduct." *Id*. at 263, 108 S. Ct. at 2378. *See also United States v. Williams*, 504 U.S. 36, 47, 112 S. Ct. 1735, 1742 (1992) (further restricting supervisory power of a court to its own procedures).

Because dismissal of an indictment is an extreme remedy, a defendant seeking a dismissal on either constitutional or ethical grounds must prove actual prejudice. *United*

*States v. Morrison*, 449 U.S. 361, 365-66, 101 S. Ct. 665, *reh. denied*, 450 U.S. 960 (1981); *Bank of Nova Scotia*, 487 U.S. at 255, 108 S. Ct. at 2374.  *See also United States v. Weeks*, 919 F.2d 248, 254 (5th Cir. 1990), *cert denied*, 499 U.S. 954 (1991); *United States v. McKenzie*, 678 F.2d 629, 631 (5th Cir.), *cert denied*, 459 U.S. 1038 (1982); *United States v. Acosta*, 526 F.2d 670 (5th Cir.), *cert denied*, 426 U.S. 920 (1976).  There is a strong presumption of regularity surrounding a grand jury proceeding.  *United States v. Ruppel*, 666 F.2d 261, 268 (5th Cir.), *cert denied*, 458 U.S. 1107 (1982).  Prosecutorial misconduct, no matter how egregious, does not provide grounds for dismissing an indictment without a showing of actual prejudice.  *United States v. Merlino*, 595 F.2d 1016, 1018 (5th Cir. 1979), *cert denied*, 444 U.S. 1071 (1980).

      The misconduct here was extreme, failing to disclose this information that went to the intent element of the crime and was otherwise exculpatory. It should have been provided to all concerned thorough prompt disclosure by the agent. However, due to the agent's misconduct it was withheld from the magistrate judge, the assigned Assistant United States Attorney, the Grand Jury, and the defense in discovery. These actions cannot be excused.  Mr. Castro-Gonzalez clearly suffered prejudice.  He was in custody for a period of seven (7) months on an Indictment that cannot pass constitutional muster and by total ignorance of the discovery obligations of the government through it's agents.  But for the efforts of his counsel, and the ethical response by the prosecutor, this prejudice would have continued.  The Court feels this is an appropriate case to exercise its supervisory power to dismiss the Indictment with prejudice.  The error in this case was not harmless under Rule Fed. R. Crim. P. 2(a) by any means.  The evidence lacked any proof of intent on behalf of Mr. Castro-Gonzalez to commit a crime.

//
//
//

1  Why the agent did what he did remains unknown, as he was not brought forward
2 to testify, and did not present any declaration in opposition to this motion, but the
3 ultimate effect off his misconduct cannot be ignored.
4  Based thereon, the Indictment in case 13cr0693 is dismissed with prejudice.
5  IT IS SO ORDERED.

7 DATED:  January 2, 2014

          _____
          Hon. Anthony J. Battaglia
          U.S. District Judge