1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

UNITED STATES OF AMERICA,          )          Case No.13cr0693 AJB
                                    )
12              Plaintiff,          )          AMENDED
                                    )          ORDER GRANTING
13    v.                            )          DEFENDANT'S MOTION TO
                                    )          DISMISS INDICTMENT WITH
14    ALBERT CASTRO-GONZALEZ,       )          PREJUDICE AND JUDGMENT
                                    )          THEREON
15              Defendant.          )
      _____)

16          The defendant moves for an Order dismissing the Indictment in this case with

17    prejudice.[1]  On September 13, 2013, the Government moved to dismiss the Indictment

18    without prejudice.  At that time, Mr. Castro-Gonzalez, made a request for a dismissal

19    with prejudice. That request was denied without prejudice to a formal written motion.

20    The written motion has now been filed, the Government has responded, and oral argu-

21    ment occurred on December 20, 2013.

22          The history of the case is well set out in Defendant's motion (Doc. No. 25).  The

23    motion is based on the allegations of  bad faith and misconduct of case agent Chad

24    Nelson.  Agent Nelson recruited Mr. Castro-Conzalez as a confidential informant to

25    investigate a narcotic smuggling cartel in Mexicali, Mexico, which was importing drugs

26    into the United States.  Mr. Castro-Gonzalez was provided with a Blackberry by Agent

27

28          [1] This order amends the prior order (Doc.  No. 25) following the granting of
      Plaintiff's Motion for Partial Reconsideration and an evidentiary hearing conducted on
      July 10, 2014.

1   Nelson and was in regular communication with agent Nelson with regard to possible drug

2   loads.  Despite this arrangement, and contact with Mr. Castro-Gonzalez leading up the

3   date of the arrest on February 1, 2013, Agent Nelson acted as if this was a routine border

4   bust when, in fact, the details of the entry as part of the confidential informant arrange-

5   ment were well known to agent Nelson. In fact, Agent Nelson failed to document or

6   report  an approximate twenty minute conversation with Mr Castro-Gonzalez on the date

7   of arrest concerning why Castro-Gonzalez had not used his Blackberry that day.  The

8   conversation was captured however on the same DVD that contains Casto-Gonzalez'

9   "statement" post arrest.

10      Agent Nelson failed to disclose that Mr. Castro-Gonzalez was working as a

11   confidential informant at the time of the arrest,  to the magistrate judge who reviewed the

12   probable cause statement and signed the Complaint, to the U.S. Attorney's Office, and to

13   the Grand Jury[2], in his reports and records in this case. The information was also withheld

14   from the defense in discovery since the prosecutor was unaware of its existence. It wasn't

15   until Mr. Castro-Gonzalez had served seven (7) months in custody on Indictment that this

16   information came to light, through the efforts of defense counsel.

17      The Blackberry provided by Agent Nelson was not on Mr. Castro-Gonzalez on the

18   date of the arrest. Once retrieved by the defense, this Blackberry revealed of much of the

19   information implicating Agent Nelson in withholding the critical information from all

20   concerned. The evidence that was downloaded from the Blackberry also corroborated Mr

21   Castro-Gonzalez' assertions, and is included in the record at Document 25, Exhibit A.

22   When the downloaded contents of the Blackberry were presented to the United States

23   Attorney's Office, the Government moved to dismiss the case.  While no fault is found

24   with the U.S. Attorney's Office, which indeed did the right thing upon discovery of the

25

26   _____

27   [2] While Agent Nelson was not the case agent and did not  testify before the Grand
     Jury, as the arresting officer who took defendant's statement, filed a complaint supported

28   by a probable cause statement under oath, and his investigation and the reports and
     records would be the evidentiary basis upon which the U.S. Attorney's Office would
     have presented the case for Indictment.

13cr0693

1  withholding of this critical information, the same cannot be said of the conduct of Agent

2  Nelson which was clearly reckless misconduct.

3      Under Fed. Crim. Rule 48(a), a court is empowered to exercise its' discretion in

4  denying a motion to dismiss where it specifically determines that the prosecution is acting

5  in bad faith. *United States v. Hayden*, 860 F. 2d 1483 (9th Cir. 1988) (*citing Rinaldi v.*

6  *United States*, 434 U.S. 22 (1977). The rule was designed to prevent prosecutors from

7  harassing defendants by indicting, dismissing, and re-indicting without triggering the

8  protections o f the double jeopardy clause. *Id.* Here, the United States  Attorney's Office,

9  acted in good faith by dismissing the action upon discovery of the agent's misconduct.

10  Therefore, Defendant's motion under Rule 48(a) is Denied.

11      However, a different result occurs when these facts are considered under the

12  court's supervisory powers to dismiss an indictment for misconduct.

13      As a sanction for alleged misconduct, the standard for dismissal of an indictment is

14  extremely high.      The Supreme Court held that a district court may not exercise its

15  supervisory powers to dismiss an indictment for prosecutorial misconduct in such a way

16  that by-passes the harmless error rule of Fed. R. Crim. P. 52(a).  *Bank of Nova Scotia v.*

17  *United States*, 487 U.S. 250, 108 S. Ct. 2369 (1988).

18      Thus, dismissal is appropriate only " 'if it is established that the violation substan-

19  tially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the

20  decision to indict was free from substantial influence of such violations." *Id.* at 256, 108

21  S. Ct. at 2374, quoting *United States v. Mechanik*, 475 U.S. 66, 78, 106 S. Ct. 938, 946

22  (1986).  Further, a district court has "no authority to dismiss an indictment on the basis of

23  prosecutorial misconduct absent a finding that petitioners were prejudiced by such

24  misconduct." *Id.* at 263, 108 S. Ct. at 2378.  *See also United States v. Williams*, 504 U.S.

25  36, 47, 112 S. Ct. 1735, 1742 (1992) (further restricting supervisory power of a court to

26  its own procedures).

27      Because dismissal of an indictment is an extreme remedy, a defendant seeking a

28  dismissal on either constitutional or ethical grounds must prove actual prejudice. *United*

1    *States v. Morrison*, 449 U.S. 361, 365-66, 101 S. Ct. 665, *reh. denied*, 450 U.S. 960

2    (1981); *Bank of Nova Scotia*, 487 U.S. at 255, 108 S. Ct. at 2374.  *See also United States*

3    *v. Weeks*, 919 F.2d 248, 254 (5th Cir. 1990), *cert denied*, 499 U.S. 954 (1991); *United*

4    *States v. McKenzie*, 678 F.2d 629, 631 (5th Cir.), *cert denied*, 459 U.S. 1038 (1982);

5    *United States v. Acosta*, 526 F.2d 670 (5th Cir.), *cert denied*, 426 U.S. 920 (1976).  There

6    is a strong presumption of regularity surrounding a grand jury proceeding.  *United States*

7    *v. Ruppel*, 666 F.2d 261, 268 (5th Cir.), *cert denied*, 458 U.S. 1107 (1982).  Prosecutorial

8    misconduct, no matter how egregious, does not provide grounds for dismissing an

9    indictment without a showing of actual prejudice.  *United States v. Merlino*, 595 F.2d

10   1016, 1018 (5th Cir. 1979), *cert denied*, 444 U.S. 1071 (1980).

11          The misconduct here was extreme, failing to disclose this information that went to

12   the intent element of the crime and was otherwise exculpatory. It should have been

13   provided to all concerned thorough prompt disclosure by the agent. However, due to the

14   agent's misconduct it was withheld from the magistrate judge, the assigned Assistant

15   United States Attorney, the Grand Jury, and the defense in discovery. These actions

16   cannot be excused[3].  Mr. Castro-Gonzalez clearly suffered prejudice.  He was in custody

17   for a period of seven (7) months on an Indictment that cannot pass constitutional muster

18   and by total ignorance of the discovery obligations of the government through it's agents.

19   But for the efforts of his counsel, and the ethical response by the prosecutor, this preju-

20   dice would have continued.  The Court feels this is an appropriate case to exercise its

21   supervisory power to dismiss the Indictment with prejudice.  The error in this case was

22   not harmless under Rule Fed. R. Crim. P. 2(a) by any means.  The evidence was relevant

23   and material proof regarding the intent on behalf of Mr. Castro-Gonzalez to commit a

24   crime.

25          [3]The agent acknowledged that the actions detailed above were contrary to his
26   training and the rules and procedures of his agency, but he denies any ill will toward
     defendant or any intention to spite or harm him. He states he withheld the information to
27   protect the defendant from reprisal by drug traffickers. The Court does not find the
     Agent's reasoning or excuse credible, but also cannot find sufficient evidence to establish
28   bad faith. However, the level of misconduct and the prejudice suffered by the defendant
     are sufficient to warrant the relief granted herein.

13cr0693

1    Based thereon, the Indictment in case 13cr0693 is dismissed with prejudice.

2  Judgment is entered in this regard.

3    IT IS SO ORDERED.

4

5  DATED: July 10, 2014

6

7  _____

8  Hon. Anthony J. Battaglia
   U.S. District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28